UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TODD C. SUGRUE,<br>        Plaintiff | )<br>)<br>)<br>)<br>) | |
| v. | ) | Civil Action No. 10-30157-MAP |
| | )<br>)<br>) | |
| U.S. POSTMASTER GENERAL<br>JOHN E. POTTER,<br>        Defendant | )<br>)<br>) | |

REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANT'S MOTION TO DISMISS (Document No. 9)
January 6, 2011

NEIMAN, U.S.M.J.

Todd C. Sugrue ("Plaintiff"), proceeding *pro se*, brings this putative employment discrimination complaint against his former employer, the United States Postal Service through its Postmaster General ("Defendant"). Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant has filed a motion to dismiss, raising Plaintiff's failure to exhaust his administrative remedies, which motion has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the court will recommend that Defendant's motion to dismiss be allowed.

I. STANDARDS OF REVIEW

When faced with a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, the court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268

(1994); *Coyne v. City of Somerville*, 972 F.2d 440, 443 (1st Cir. 1992). In addition, *pro se* pleadings must be construed liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). Recently, however, the Supreme Court made clear that, under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), only a complaint that states a plausible claim for relief, on its face, will survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). In *Iqbal*, the Court stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

## II. BACKGROUND

In his complaint, Plaintiff alleges that he was wrongfully accused of defrauding the United States based on "having a workman's compensation disability." (Compl. ¶ 4.) The gravamen of Plaintiff's allegations is that a six-month investigation by the Office of Inspector General ("OIG") was unlawfully motivated by his disability. (*Id.* ¶ 11.) Plaintiff further alleges that the investigation caused "personal, physical, and mental suffering." (*Id.* ¶ 12.) In total, Plaintiff seeks $8.1 million in damages. (*Id.*)

Stepping back to April 28, 2008, Plaintiff filed a complaint of disability discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Def.'s Mem. Law in Supp. Motion to Dismiss (Doc. No. 10), Ex. 2.[1]) That complaint had two

---

[1] The undisputedly authentic public records Defendant references in its memorandum of law may properly be considered on a motion to dismiss without converting it into one for summary judgment. *See Alternative Energy, Inc. v. St. Paul*

2

parts: (1) a limited claim that Defendant discriminated against him, on the basis of disability, when it put him on "emergency placement" on December 21, 2007; and (2) a broader claim of disability discrimination concerning the "six-month investigation" conducted by the OIG leading up to the December 21, 2007 emergency placement. (See *id.*, Ex. 3.) The broader claim of an improper OIG investigation appeared to be Plaintiff's main concern since it was the sole focus of the remedy he was seeking:

> I want a complete disclosure of the process used to try and remove me from the post office. I want to know why I was suspended . . . before the OIG report was complete. I don't want this to ever happen to any postal employee again. And I want financial compensation for being mentally and physically abused.

(*Id.*, Ex. 2 at 1.)

Insofar as Plaintiff's EEOC complaint alleged the *broader* claim of discrimination with respect to the six-month OIG investigation, the complaint was "dismissed" on May 16, 2008, by the USPS National EEO Investigative Services Office. (*Id.*, Ex. 3 at 2-5.) The National Office, however, "accepted" the EEOC complaint insofar as it alleged Plaintiff's *limited* claim of disability discrimination pertaining to the December 21, 2007 emergency placement. (*Id.*, Ex. 3 at 1-2.)

In the May 16th order, as well as in a subsequent EEOC Acknowledgment and Order dated August 19, 2008, the National Office specifically advised Plaintiff of detailed objection procedures with respect to his broader claim about the OIG investigation that had been dismissed. (*Id.*, Exs. 3 and 4.) Plaintiff, however, never

*Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).

objected to that portion of the order. Hence, the administrative hearing went forward solely on Plaintiff's limited claim that Defendant discriminated against him when it put him on emergency placement on December 21, 2007. (*Id.*, Ex. 1.) After the hearing and an unfavorable decision by the administrative judge, that claim was finally administratively dismissed on March 25, 2009. (*Id.*)

### III. DISCUSSION

To its credit, Defendant acknowledges that Plaintiff appears to have exhausted his administrative remedies with regard to his *limited* EEOC claim, *i.e.*, that Defendant discriminated against him when it put him on emergency placement on December 21, 2007. As Defendant argues, however, Plaintiff's complaint in this forum attempts to resurrect only his *broader* EEOC claim -- pertaining to the OIG investigation itself -- and that claim has not been exhausted for the myriad, undisputed reasons outlined in Defendant's memorandum of law. (See, *e.g.*, Def.'s Mem. Law in Supp. Motion to Dismiss at 3-4 (citing *National R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Franceschi v. U.S. Dep't of Veterans Affairs*, 514 F.3d 81 (1st Cir. 2008)).)

It is clear to the court as well that Plaintiff's complaint involves only his broader, "investigation" allegations. For example, Plaintiff begins his complaint by alleging that "[t]he [OIG] investigation and the investigation's ramifications have caused almost immeasurable personal, physical, and mental damages." (Compl. ¶ 4.) He then describes, in significant detail, his understanding of the "investigation" and OIG's "six-month surveillance" and how he was improperly "interrogated" during this time. (*Id.* ¶¶ 5-10.) To be sure, Plaintiff mentions the events of December 21 (what he erroneously

calls "December 20th") in his complaint (*id.* ¶ 11), but that is only within the context of his continued gripe about the OIG investigation itself:

> I was called on December 20th in the afternoon and told by the post master that the entire six month episode was a mistake. The investigation was a mistake because it was baseless (no work limitation) and the interrogation was a mistake because the doctor affirmed that no made up work limitation had been exceeded. I admitted to being guilty but was found to be blameless. The [OIG], workman's compensation and the United States Postal Service can admit to only one reason for pursuing then persecuting me; my accepted workman's compensation disability.

(*Id.*) Finally, Plaintiff concludes his complaint by requesting $8.1 million because "[t]he government does not have the right to pursue and persecute an innocent person and make up facts to prove his guilt." (*Id.* ¶ 12.) In short, the court has no choice but to find that Plaintiff's complaint to this court involves only allegations targeting the OIG investigation itself and, hence, should be dismissed as unexhausted.[2]

## IV. CONCLUSION

For the reasons stated, the court recommends that Defendant's motion to dismiss be ALLOWED.[3]

---

[2] Even if Plaintiff's present complaint included the narrow, "emergency placement" claim, which it does not, there would not be complete exhaustion, further justifying dismissal. *See Franceschi*, 514 F.3d at 86.

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and

DATED: January 6, 2011

                                                    /s/ Kenneth P. Neiman
                                                   KENNETH P. NEIMAN
                                                   U.S. Magistrate Judge

---

Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.